IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAMON MEJIA and MARIO BOERI,** Individually, and on Behalf of a Class of All Similarly Situated Persons, <br><br> Plaintiffs, <br><br> v. <br><br> **VERIZON MANAGEMENT PENSION PLAN; VERIZON EXCESS PENSION PLAN; VERIZON EXECUTIVE LIFE INSURANCE PLAN; VERIZON INCOME DEFERRAL PLAN; VERIZON EMPLOYEE BENEFITS COMMITTEE; VERIZON COMMUNICATIONS, INC.; AON CORPORATION; WELLS FARGO & COMPANY; FMR LLC; MORGAN STANLEY SMITH BARNEY LLC; and JOHN DOES 1-25,** <br><br> Defendants. | Case No. 11 C 3949 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Aon Corporation's ("Aon") Motion to Dismiss (ECF No. 64) and a Combined Motion to Dismiss (ECF No. 68) by all the other Defendants in this matter. For the reasons stated herein, the Motions are granted.

### I. BACKGROUND

The Court provided a thorough description of this matter in ruling on the Defendants' first round of motions to dismiss, so only a brief summary of the relevant issues will be provided here. *See* 5/2/12 Order, ECF No. 52. Plaintiffs Ramon Mejia ("Mejia") and

Mario Boeri ("Boeri") are foreign citizens who worked for Defendant Verizon Communications Inc. ("Verizon") outside of the United States. Both participated in Verizon-sponsored benefits plans that are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461. Because Plaintiffs never worked or resided in the United States, they claim that their employment income and benefits were "foreign source" benefits not subject to U.S. taxes. However, both claim to have had tens of thousands of dollars withheld as taxes by the Verizon plans. Both Mejia and Boeri allegedly took extensive steps to rectify the withholding issues and acquire their wrongfully withheld benefits, but had limited success.

On June 9, 2011, Plaintiffs filed a Class Action Complaint. Count 1 sought benefits against the plans, arguing Plaintiffs were due the withheld tax monies. Count 2 alleged breach of fiduciary duty against Verizon and the Verizon Employee Benefits Committee ("VEBC"). In Counts 3 and 5, Plaintiffs alleged aiding and abetting a breach of fiduciary duty against all Defendants and asked for an injunction against them that would prohibit future wrongful withholdings. Count 4 charged Verizon and the VEBC with co-fiduciary liability. Count 6 claimed VEBC and Verizon failed to furnish ERISA plan documents requested by Mejia. Counts 7 and 8 were pled in the alternative, in the event any claims were construed not to be governed by ERISA.

On May 2, 2012, the Court dismissed the Complaint. *See* 5/2/12 Order. Counts 1-5 were dismissed with prejudice to the extent they sought to recoup benefits from the plans because 26 U.S.C. § 7422 establishes an absolute prohibition on seeking tax refunds from private tax collectors. However, the Court recognized that Plaintiffs may be able to plead a claim for injunctive relief or a declaratory judgment under a narrow exception to 26 U.S.C. § 7421. So to the extent Plaintiffs sought non-monetary relief, the Court dismissed Counts 1-5 without prejudice. Counts 6-8 were also dismissed.

Plaintiffs filed an Amended Complaint on June 21, 2012. The Amended Complaint retained only Counts 1-5. The Defendants have again moved to dismiss.

## II. **LEGAL STANDARD**

On a motion to dismiss, all of a Plaintiff's allegations are treated as true. FED. R. CIV. P. 12(b)(6); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). Complaints will survive a motion to dismiss if they contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. <u>ANALYSIS</u>

The Court first notes that, despite dismissing with prejudice Counts 1-5 of the Original Complaint to the extent they sought to recoup benefits from the plans, Plaintiffs acknowledge they have retained "nearly all the same allegations as the initial complaint." Pls.' Resp. at 1, ECF No. 72. They have done so "to preserve Plaintiff's right to appeal the Court's prior opinion in its entirety," and "[t]o the extent the Court does not wish to reconsider its prior ruling on the dismissed-with-prejudice counts, then, it need not." *Id.* The Court stands by its rationale and dismissal with prejudice of Counts 1-5 in its May 2, 2012 Order, and incorporates them herein. *See* 5/2/12 Order. To the extent Plaintiffs have edited or added allegations related to those claims, the Court has not considered them. As such, what is left is to determine whether Plaintiffs have repled sufficiently their claims for non-monetary relief. The Court finds they have not.

#### A. The Combined Motion to Dismiss (ECF No. 68)

##### *1. 26 U.S.C. §§ 7421 and Irreparable Harm*

The Anti-Injunction Act, 26 U.S.C. § 7421 provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ." 26 U.S.C. § 7421(a). The purpose of this statute is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the

disputed sums be determined in a suit for refund. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). It has been broadly interpreted to apply not just to the assessment and collection of taxes, but to "activities which are intended to or may culminate in the assessment or collection of taxes." *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976).

Under § 7421, courts may impose an injunction regarding tax collection practices, but only if two requirements of a narrow exception are met: (1) that it is apparent, under the most liberal view of the law and the facts, that the United States cannot establish its claim to the funds, and (2) the taxpayer demonstrates that collection would cause him irreparable harm. *See Williams Packing*, 370 U.S. at 6-7.

The Court dismissed the non-monetary component of Counts 1-5 because Plaintiff failed to meet the second requirement to the *Williams Packing* exception: Plaintiffs failed to allege irreparable harm. Plaintiffs claim that the Amended Complaint now makes clear that the class has suffered and "will continue to suffer irreparable harm without the forms of relief that the Court identified as 'affecting tax collection,' including clarification of the plan terms, replacement of the current fiduciaries, and an independent audit." Pls.' Resp. at 6. The irreparable harms Plaintiffs claim are that Defendants will continue to withhold amounts wrongfully, and that lack of a court order settling what

level of withholding is allowed will result in "uncertainty." Pls.' Resp. at 6-7. This uncertainty would impose on Plaintiffs "a life-long duty to monitor Verizon's actions and file new IRS-refund actions – all from foreign nations thousands of miles away – each time amounts are improperly withheld." *Id.* at 7.

The Defendants contest both alleged "irreparable injuries." First, they argue that there are no allegations to support the idea that Verizon will continue to make improper withholdings. Even if there was, the injury would not be irreparable, since Plaintiffs could obtain a refund from the IRS. Second, they argue that Plaintiffs have cited no case to support their theory that "uncertainty" is an irreparable harm. Finally, Verizon Defendants argue that the Amended Complaint does not allege that Plaintiffs themselves will suffer any irreparable harm for which they seek equitable relief.

The Court agrees with Defendants. The irreparable harm standard is a high one to meet, and even assuming Plaintiffs' allegations that the Defendants will continue to withhold money wrongfully, the harm is not irreparable, because Plaintiffs can pursue a refund action. This is especially true for the named Plaintiffs, who are aware of the alleged withholding situation. Indeed, according to the Amended Complaint Mejia was able to get a refund from the IRS. *See* Amend. Compl. ¶ 63. The Court does not accept Plaintiffs' contention that uncertainty regarding the

benefits that are due is an irreparable harm. Plaintiffs fail to cite a single case that stands for such a proposition. In fact, Plaintiffs spell out in their brief how such uncertainty can be dealt with – monitor the benefits, and if it appears that Verizon has shorted them, institute a refund action. Pls.' Resp. at 7. Plaintiffs claim this imposes a "lifelong duty" to monitor the benefits they receive, but that "duty" is no different than the diligence and prudence exercised by anyone who monitors his benefits to make sure they are receiving their proper share. That these Plaintiffs live outside of the country may make such monitoring inconvenient, but not irreparably harmful. The possibility that Defendants may continue to withhold money, or that the class may face uncertainty as to how much will be withheld, are simply not irreparable harms.

The Court notes that Plaintiffs allege repeatedly that the class members "will suffer irreparable harm because the statute of limitations in IRC § 6511 is continually running, cutting off their ability to recover from the IRS the amounts wrongfully withheld from their benefits under the auspices of United States tax withholding." *See* Amend. Compl. ¶¶ 95, 110, 116, 120. Despite the words "irreparable harm" appearing in these paragraphs, Plaintiffs do not cite to them as support for their claim that they properly pled irreparable harm. Instead, Plaintiffs argue that these allegations support their claims for notice-based relief, discussed

below. Plaintiffs thus appear to recognize these allegations are insufficient to support irreparable harm, and are better suited for their notice argument. Indeed, Mejia and Boeri cannot claim to suffer such an irreparable harm, as they are aware of the statute of limitations. In addition, the remedy of a refund action is available up until the statute of limitations runs.

Because Plaintiffs failed to meet the irreparable harm requirement, the Court declines to analyze whether they have pled successfully the first prong of the *Williams Packing* exception, that the government cannot establish its claim to the funds. The Court also declines to determine whether the Government is a necessary party to this case under Federal Rule of Civil Procedure 19, an issue that the Department of Justice addressed in a February 8, 2013, letter to this Court.

### *2. Allegations Not Seeking a Declaratory Order or Injunction Affecting Tax Collection*

In the Court's May 2, 2012 Order, it noted "narrow fact scenarios alleged by Plaintiffs that do not seek the *de facto* return of paid taxes or an injunction or declaratory judgment affecting tax collection." 5/2/12 Order at 22. Such a scenario would not be subject to § 7421 scrutiny, and Plaintiffs would not have to meet the difficult *Williams Packing* exception.

Plaintiffs only addressed one of the identified scenarios in its Amended Complaint. Plaintiffs' requested injunctive relief of

giving notice to plan participants that they may be due a tax refund and informing them how to seek one would:

> in no way impede the collection of taxes by the federal government. It merely would serve to bring similarly situated plan participants out of the dark on what, allegedly, is a mistake that Verizon itself believes it has made. Beneficiaries would then be free to pursue or not pursue a refund action directly with the government.

*Id.* Plaintiffs' problem was that, with respect to the notification issue, the Original Complaint never said how or if Plaintiffs were damaged by the lack of notice. Plaintiffs failed, for example, to "allege that the failure to notify prevented Plaintiffs from recovering their wrongfully withheld taxes due to statute of limitations issues." *Id.* at 23.

Plaintiffs now claim that they have adequately alleged damages caused by Verizon's breaches of fiduciary duties which authorize notice-based relief. Specifically, the Amended Complaint states that VEBC and Verizon did not notify class members that the amounts wrongfully withheld could be recovered from the IRS for years not foreclosed by the statute of limitations, and as such "many participants have missed their opportunity to recover amounts from the IRS due to the statute of limitations." Amend. Compl. ¶ 100. In addition, Plaintiffs allege that the class members will be injured because the statute of limitations is continually running, cutting off their ability to recover funds from the IRS. *See* Amend. Compl. ¶¶ 95, 110, 116, 120.

These allegations are insufficient, however, because they fail to state how the Plaintiffs were injured by the failure to notify. "If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). In the Court's previous Order, it stated specifically that the Original Complaint was deficient because, with respect to the notification issue, "the Complaint never says how or if ***Plaintiffs*** were damaged by this." 5/2/12 Order at 23 (emphasis added). The Amended Complaint suffers the same deficiency. Plaintiffs argue in their briefs that Boeri was injured by a lack of notification, and direct the Court to ¶¶ 64-65 of the Amended Complaint. Pls.' Resp. at 9-10. These paragraphs describe Boeri complaining about the withholding of taxes from his benefits payments and having Verizon deny his claim. What these paragraphs do not allege is that he was injured by a lack of notification. Indeed, these paragraphs are unchanged from the Original Complaint, which the Court noted previously failed to state how or if Plaintiffs were damaged by the lack of notification.

In addition, Defendants also argue that Plaintiffs cannot obtain notice-based relief, arguing that Mejia and Boeri already know their tax status and their ability to seek a refund. Defs.' Mot. to Dismiss at 8, ECF No. 69. Plaintiffs argue that

Defendants' argument creates a "catch-22," whereby being aware of one's tax status and ability to seek a refund would disqualify any plaintiff from seeking notice-based relief. This is because "the moment a potential plaintiff learned enough of the core facts to bring suit, his cause of action would evaporate." Pls.' Resp. at 11. Plaintiffs argue that this cannot be the state of the law, and direct the Court to the "inherently transitory" doctrine as support. That doctrine allows a putative class member whose claim has been mooted to pursue an action where (1) the claim is unlikely to remain live long enough for any plaintiff to obtain class certification, and (2) there is a "constant class of persons" suffering from defendant's conduct. *See Olson v. Brown*, 594 F.3d 577, 581-82 (2010).

Plaintiffs' arguments have been made unsuccessfully before in this District. In *Mink v. University of Chicago*, plaintiffs brought suit on behalf of themselves and 1,000 women given diethylstilbestrol ("DES") as part of a medical experiment conducted by defendants. *Mink v. University of Chicago*, 460 F.Supp. 713, 722 (N.D. Ill. 1978). Plaintiffs alleged that defendants breached their duty to notify plaintiffs that they had been given DES while pregnant and that children born from that pregnancy should consult a medical specialist. *Id.* Plaintiffs abandoned all their claims for damages on that count because of their inability to allege personal physical injury. *Id.* at 723.

They then sought injunctive relief on behalf of other class members who would be injured in the future if no relief were granted. *Id.* They sought specifically to compel defendants to notify all women given DES of the risks to them and their children, and of recommended precautions. *Id.* Plaintiffs admitted they were already aware of the "DES menace" and did not require further notice. *Id.* Defendants moved to dismiss on the grounds of mootness, and plaintiffs argued dismissal was improper based on considerations similar to the inherently transitory doctrine. *Id.* The court found for defendants, stating that it did not believe plaintiffs could put themselves within that exception. *Id.* As the court explained:

> More basically, however, plaintiffs cannot show that they had a live controversy at the time the complaint was filed, another requirement articulated in *Sosna*. The named plaintiffs were aware of the dangers of DES at the time the complaint was filed, and thus, had no right to be warned. It is somewhat anomalous to speak of this case being moot. In a sense, there has never been a case or controversy that could be mooted.

*Id.* (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)). The court then dismissed the plaintiffs' claim for injunctive relief for notification of the class. *Id.*

Plaintiffs here face the same problem as the plaintiffs in *Mink*: their claim for notification never became live, because as soon as they became aware of the alleged wrongful withholding

- 12 -

situation and ability to seek a refund, they had no right to be warned. They do not fit within the inherently transitory doctrine because the doctrine applies generally to situations in which the named plaintiff had standing when he filed the suit, but lost that standing prior to the court certifying the class. *See, e.g., Olson*, 594 F.3d 577 at 581-82. Indeed, the first requirement is that it is uncertain that a claim "will **remain** live for any individual **who could be named as a plaintiff**. . . ." *Id.* at 582 (emphasis added). Plaintiffs claim for notification was never "alive."

Plaintiffs argue that Mejia and Boeri may benefit from information Defendants may be obligated to include in any notification. However, the goal of the notification would be to inform unaware class members that there may have been wrongful withholding of their benefits and that they could pursue a refund action, and Plaintiffs already received such notice.

Plaintiffs have failed to allege how they were harmed by a lack of notice, and failed to show that they can obtain notice-based relief. For the reasons stated above, Plaintiffs' claims, insofar as they sought injunctive relief with respect to notification of plan participants, are dismissed.

### 3. The Verizon Benefits Center Letter

The Court instructed Plaintiffs "to explain what damages were caused by the November 20, 2009 [Verizon Benefits Center] letter

asking beneficiaries to attest a company ID number was their Social Security number." 5/2/12 Order at 23-24. Plaintiffs added several allegations to the Amended Complaint, claiming that the letter created a "chilling effect" on class members. Amend. Compl. ¶ 105. On information and belief, Plaintiffs claim some class members were unwilling to come forward in this case based on the fear that Verizon might retaliate against them. *Id.* Also, on information and belief, Plaintiffs claim that "the letter's threat to suspend benefits caused unidentified class members to delay or forego filing claims for refunds or even researching if such funds were due from the IRS for fear that they committed perjury or that Verizon would suspend their benefits." *Id.* ¶ 79. In addition, Plaintiffs claim that being coerced by a fiduciary into making a false statement under oath is a stand-alone injury. *Id.* ¶ 106.

These allegations are insufficient. First, nowhere in the Amended Complaint does it state what damages Mejia or Boeri suffered due to this letter. There is no allegation that they signed the allegedly false affidavit or that it kept them from filing claims for refunds. As stated previously, a named plaintiff must have an actual case or controversy, and Plaintiffs here have not alleged that they sustained any injury from this letter. Second, Plaintiffs offer no support for their contention that "Plaintiffs and the putative class members were injured merely by being pressured by their fiduciaries into making a false statement

under oath." Pls.' Resp. at 14. Finally, all of these conclusory allegations lack factual basis in the Amended Complaint, and are insufficient to support a cause of action. As such, to the extent Plaintiffs' claims were based on the November 20, 2009 letter, they are dismissed.

For the reasons stated above, to the extent Counts 1-5 seek injunctive relief or declaratory judgment, they are dismissed.

### B. Aon's Motion to Dismiss

Plaintiffs concede that, under the Court's previous Order, they have no claim against Aon. Plaintiffs have previously denied that they were claiming Aon was a fiduciary, and make no argument in their briefing to the contrary here. In addition, they acknowledge that they cannot establish a claim against the non-fiduciary Defendants for aiding and abetting Verizon's fiduciary breaches under the Court's ruling that a non-fiduciary must have actual knowledge that the conduct complained of violates ERISA, rather than knowledge of the underlying conduct. Pls.' Resp. at 16-17. As such, Count 5 of the Amended Complaint cannot survive, either. *Id.* at 17.

Yet Plaintiffs request that all Defendants be kept in the case for purposes of Count 3, because the non-fiduciary Defendants may be necessary for purposes of obtaining appropriate equitable relief. *Id.* The Court is not convinced that this would be an appropriate ground to keep a non-fiduciary in the case even if

Plaintiffs had successfully pled Count 3. But since the Court has dismissed Count 3, it need not reach that question.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, and in its Order of May 2, 2012 to the extent Plaintiffs reincorporated their previously dismissed claims, Aon's Motion to Dismiss is granted and the remaining Defendants' Combined Motion to Dismiss is granted. Because Plaintiffs already failed once to remedy their pleading deficiencies, the Complaint is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

 *[signature]*

 Harry D. Leinenweber, Judge
 United States District Court

**DATE:** 3/29/2013